## Case No. 7,407.

JOHNSON et al. v. PRICE.

[13 N. B. R. (1876) 523.] [1]

Circuit Court, E. D. Michigan.

H. E. Bowen, for complainant.
Don M. Dickinson, for defendant.

BROWN, District Judge. If there is any jurisdiction in the circuit court to entertain this bill, it is conferred by section 4979 of the Revised Statutes, which provides "that the several circuit courts shall have, within each district, concurrent jurisdiction with the district court, * * * of all suits at law and in equity, brought by an assignee in bankruptcy, against any person claiming an adverse interest, or by any such person against an assignee, touching any property or rights of the bankrupt, transferable to, or vested in, such assignee." This bill being brought by creditors of the bankrupt, and not by the assignee, is clearly not within the

---

[1] [Reprinted by permission.]

letter of the section. Although bills of this kind have, in a few cases, been entertained by the circuit court, I find no case where the question of jurisdiction was raised and decided in favor of such jurisdiction. The question was not alluded to by the court, in the case of Hood v. Karper [Case No. 6,664], relied upon by complainants' counsel in this case. On the other hand, the intimations of the supreme court, in two or three cases, have been decidedly adverse to such jurisdiction. In the case of Morgan v. Thornhill, 11 Wall. [78 U. S.] 65, the supreme court observed: "Controversies, in order that they may be cognizable, under that clause of section 4979, either in the circuit court or district court, must have respect to some property or rights of property of the bankrupt, transferable to, or vested in, such assignee; and the suit, whether it be a suit at law or in equity, must be in the name of one of the two parties described in that clause, and against the other." Similar language is used by the same court in Smith v. Mason, 14 Wall. [81 U. S.] 419, 431; and also by the judge who delivered the opinions in these cases in Knight v. Cheney [Case No. 7,883].

As suits of this nature have been frequently entertained by creditors before the appointment of the assignee; and as it has been held, in at least two cases, by the supreme court that such suits must be plenary in their character, I had at first some doubt as to whether a denial of jurisdiction in this case would not virtually deprive the creditors of the power of instituting any suit of this kind. Upon careful examination of the statute, however, I am satisfied that section 4979 was not intended to limit the jurisdiction of the district court, and that such jurisdiction is conferred by section 4972. This section is very general in its character, and provides that the jurisdiction conferred upon the district courts as courts of bankruptcy, shall extend to almost every controversy respecting the collection, distribution, and settlement of the bankrupt's estate. No method is pointed out how this jurisdiction shall be exercised; and although it is more frequently, perhaps, exercised in a summary way, I see no objection whatever to a plenary suit at law or in equity. In the case of In re Alexander [Case No. 160], Mr. Chief Justice Chase intimates that, although no jurisdiction of cases at law or in equity is expressly given to the district court elsewhere than in the third clause of the second section, it may well enough be held to be included in the general grant of the first section (4972). See, also, In re Kerosene Oil Co. [Case No. 7,726]; Jones v. Leach [Id. 7,475]; In re Fendley [Id. 4,728]. In this last case, the petitioning creditors filed a bill to restrain the disposal of property, on the ground of fraudulent transfer by the alleged bankrupt; and it was held that, under the provisions of the act, the district court had jurisdiction both in law and in equity, and the motion to

dismiss was denied. Sherman v. Bingham [Id. 12,762]; Goodall v. Tuttle [Id. 5,533]. In this case, the court remarks: "The second section does not profess or attempt to confer or regulate the jurisdiction of district courts. That relates exclusively to circuit courts; but it may with propriety be said to assume the existence of this jurisdiction in the district courts."

I think the proceedings in this case should have been taken by bill in the district court, and the demurrer must. be sustained, and the bill dismissed for want of jurisdiction.